IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION


LOUISE REID                                                          PLAINTIFF

V.                                                          CAUSE NO.: 4:09CV102

MISSISSIPPI DEPARTMENT OF MENTAL HEALTH                    DEFENDANT


MEMORANDUM OPINION

Plaintiff was employed as a non-state service employee by the Mississippi Department of Mental Health (DMH) in the Cleveland Crisis Intervention Center until October 11, 2007.  At that time, she was terminated after an internal investigation revealed she verbally threatened mental patients, allowed the use of her credit card for the benefit of a patient and in violation of the Department's policy, falsified medical records, and continued to use a "cocktail" of drugs to sedate patients, despite instructions from medical doctors to cease using the medication.

Plaintiff appealed her termination to the Mississippi Employee Appeals Board on the basis that the DMH discriminated against her because she was African American.  The Hearing Officer found that the evidence did not reflect any racial discrimination against Plaintiff and affirmed her termination.  Plaintiff appealed that decision, and the en banc Mississippi Appeals Board affirmed the hearing officers findings on November 20, 2008.

Plaintiff then appealed the finding of no racial discrimination to the Hinds County Circuit Court.  Both parties cited, argued, and briefed Title VII race discrimination case law.  The Hinds County Circuit Court found that Plaintiff's conduct was not nearly identical to the conduct of other white nurse practitioners, thus, she failed to prove a prima facie case of discrimination.  The court affirmed the Employee Appeals Board.

In February of 2011, the Mississippi Court of Appeals affirmed Plaintiff's termination. Using the McDonnell Douglas framework, the court found the Employees Appeal Board had substantial evidence to support its findings that Plaintiff's termination was not racially discriminatory.

Plaintiff filed this lawsuit alleging race discrimination under Title VII. Defendant filed a Motion for Summary Judgment [28] on the basis that Plaintiff's claims are barred by the doctrine of res judicata and/or collateral estoppel.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) when the evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. In the absence of proof, the court does not "assume that the nonmoving party could or would

2

prove the necessary facts." Id.

*Discussion and Analysis*

Res judicata, or claim preclusion, "forecloses relitigation of claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication." Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 312-13 (5th Cir. 2004). The party seeking preclusion must establish four elements: "(1) the parties in both the prior suit and current suit must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits." Id. at 313 (citation omitted).

It is undisputed that the parties in this suit as well as the parties in the underlying Employee Appeals Board action are identical. Moreover, Plaintiff does not dispute that the Appeals Board, the Hinds County Circuit Court, and the Mississippi Court of Appeals are courts of competent jurisdiction or that the prior judgment was final and on the merits. Plaintiff argues that res judicata cannot apply here because the burden of proof and the legal standard are not the same in the state court action as in the federal action.

Res judicata bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131, 99 S. Ct. 2205, 60 L. Ed. 2d 767 (1979); see also Goldberg v. R. J. Longo Constr. Co., 54 F.3d 243, 246 (5th Cir. 1995) (res judicata bars claims that were or could have been raised in prior actions).

Plaintiff raised her race discrimination claims in all levels of proceedings in the state court action. She asserts the same basis for her claims here. Even if the legal standard used in the state court action is not identical to the legal standard in federal court, both actions arise out of the same nucleus of operative facts, i.e., Plaintiff's termination and her assertion of race discrimination, and thus involve the same cause of action. See Travelers Ins. Co. v. St. Jude Hosp. of Kenner, 37 F.3d 193, 193 (5th Cir. 1994). Pursuant to the doctrine of res judicata, this claim is barred from relitigation.

Defendant's Motion for Summary Judgment [28] is granted, and this case is dismissed.

SO ORDERED, this the 3rd day of May, 2011.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**